IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION-WATERLOO

| | |
|---|---|
| DUANE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>BUCHANAN COUNTY, IOWA; RUSSEL WEST; and REX NIELSON,<br><br>    Defendants. | Case No.:<br><br><br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Duane Baker, individually, and for his Complaint against Defendants Buchanan County, Iowa, Russell West and Rex Nielson, states to the Court, as follows:

## INTRODUCTION

1. This is an action brought to redress the deprivation – under color of policy, regulation, official decision, custom, or usage – of rights secured to Plaintiff by 42 U.S.C. §1983 arising under the First and Fourth Amendments, incorporated to the states through the Fourteenth Amendment to the United States Constitution, the Constitution of the State of Iowa, Article I, Sections 7, 8 and 9, and Iowa Common Law.

## JURISDICTION

2. Jurisdiction is conferred to this Court through 28 U.S.C. §§1331 and 1343.

3. All the unlawful acts alleged herin occurred at the Buchanan County Jail in Buchanan County, Iowa, on or about July 5-6, 2017.

4. Venue is appropriate in this district under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Duane Baker, hereinafter referred to as "Baker," or "Plaintiff," is now and was, at all times relevant hereto, a citizen and resident of Buchanan County, Iowa.

6. Baker brings this action individually.

7. Defendant Buchanan County, Iowa, is a governmental subdivision duly incorporated under the laws of the State of Iowa.

8. Defendant Russell West is a citizen and resident of the state of Iowa, Buchanan County, Iowa, and/or employed as the Jail Administrator for the Buchanan County Jail.

9. Defendant Rex Nielson is a citizen and resident of the state of Iowa, Buchanan County, Iowa, and/or employed as Deputy/Jailer for the Buchanan County Sheriff's Office.

10. All Defendants at all times material hereto were acting under color of state law.

## GENERAL FACTUAL BACKGROUND

11. On or about July 5, 2017, Baker was taken into custody and transported to the Buchanan County Jail. Baker is a drug addict and was under the influence of narcotics at the time he was taken into custody.

12. Baker's spouse, Alisia Baker, was arrested for pretextual reasons and taken to the Buchanan County Jail around the same time as Baker, but initially Baker was not aware that his wife was also taken into custody.

13. Baker was placed in a holding cell overnight along with another male detainee.

14. Baker was vocal and loud about his incarceration and claiming his rights were being violated.

15. Alisia Baker was placed in separate holding cell and could hear her husband being vocal and loud complaining about his treatment.

16. At some point Baker found out that his wife had been arrested and he became even more vocal and loud about her arrest and treatment.

17. The following morning, July 6, 2017, Defendants West and Nielson decided to inflict punishment on Baker for his vocal and loud behavior.

18. Defendants West and Nielson removed the male detainee held in the same cell as Baker and Alisia Baker from their holding cells adjacent to the booking area of the Buchanan County Jail and transferred them to general jail population further away from where they intended to assault Baker.

19. There was no legitimate reason to transfer Alisia Baker from her holding cell because she was scheduled to appear before a Magistrate that morning and it was anticipated that she would be released. As anticipated, after the assault on Baker, Alisia Baker appeared before a Magistrate and was released.

20. After moving the witnesses further away from where the intended assault was to take place Defendants West and Nielson went to the cell where Baker was being held and asked him to come to the door so they could talk through the porthole.

21. Once Baker got his face close to the porthole as requested the Defendants sprayed mace into the cell. Baker was not engaging in any activity that justified spraying mace into his cell.

22. Defendants then left Baker in the cell filled with mace for approximately five minutes.

23. Defendants then handcuffed Baker and took him into the shower area, but did not take off the handcuffs, so he was unable to flush his eyes and clean himself up.

24. Baker begged the Defendants to wash the mace off, however it is unclear due to lack of video in the area what was being done to assist Baker.

25. Baker was never provided with necessary medical care to flush his eyes properly.

26. The shower provided to Baker was scalding hot, and the Defendants just laughed when Baker complained.

27. The scalding shower did little to alleviate Baker's suffering and eventually the Defendants brought in a hose spraying cool water.

28. The larger Defendant with arm tattoos, believed to be Nielson, then held the hose between his legs like it was his penis and told Baker to "take a drink."

29. Baker was left with no choice but to clear his face and eyes using the cool water from the hose while Defendant Nielson pretended to be urinating on him.

30. Baker was then taken to a different holding cell still in pain from the continuing effect of the mace.

31. Baker continued to complain of his treatment and Defendant West responded by calling Baker a "fuckhead," stating "I'm fucking tired of your bullshit," "fucking fuck you," and "so you wanna play fucking games."

32. Defendant West entered the holding cell, grabbed Baker, threw him to the concrete floor face first and put his arm and wrist on Baker's neck choking him out.

33. It was, and is, the duty of the Defendants to follow the Constitutions of the United States and the State of Iowa. Applicable case law on treatment of detainees provided fair warning to Defendants that treating Baker in such a manner, while using excessive force, and/or in retaliation for his exercising his right to freedom of speech, violated his constitutional rights.

34. The treatment inflicted on Baker was demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, and signified degradation and submission, damaging the Plaintiff.

## COUNT I

### FREEDOM OF SPEECH – FIRST AMENDMENT OF US CONSTITUTION and ARTICLE I, SECTION 7 OF IOWA CONSTITUTION

35. Plaintiff incorporates paragraphs 1 through 34 above as though fully set forth herein.

36. The Defendants treatment of Baker and infliction of excessive force on Baker as set out herein were in violation of both the Constitutions of the United States and the State of Iowa, and at least in part in retaliation for his speech and expressive conduct.

37. Defendants established a policy, regulation, official decision, custom, or usage with reckless or in deliberate indifference to the rights of persons in the position of Baker.

38. Defendants have established, maintained, and enforced policies, regulations, official decisions, customs, or usages which unconstitutionally deprive its citizens of the right to freedom of speech as guaranteed by the First Amendment to the United States Constitution, and Article I, Section 7, of the Iowa Constitution.

39. Buchanan County and its policymakers had actual or constructive knowledge of the improper use of strip searches conducted by its employees on certain pre-arraignment detainees.

40. Baker was subjected to this official policy, regulation, official decision, custom, or usage when he was unreasonably subjected to excessive force, at least in part in retaliation for engaging in protected speech and expressive conduct.

41.     Defendants' policy, regulation, official decision, custom, or usage as against Plaintiff Baker was purposeful and intentional.

42.     Defendants deprived Plaintiff of the rights guaranteed him under the First Amendment to the United States Constitution, and Section I, Article 7, of the Iowa Constitution, in violation of 42 U.S.C. § 1983.

43.     Plaintiff has been damaged as a direct and proximate result of Defendants' acts and omissions, as set out in this Complaint.

44.     Defendants West and Nielson acted with malice or reckless indifference to Baker' rights, subjecting them to punitive damages.

**WHEREFORE,** Plaintiff Duane Baker prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries, for attorneys' fees, for interest and costs as allowed by law; for punitive damages against Defendants West and Nielson; and for such other and further relief as the Court deems appropriate.

## COUNT II

### EXCESSIVE FORCE – FOURTH AMENDMENT OF US CONSTITUTION and ARTICLE I, SECTION 8 OF IOWA CONSTITUTION

45.     Plaintiff incorporates paragraphs 1 through 44 above as though fully set forth herein.

46.     The Defendants' use of excessive force inflicted on Baker was particularly egregious because absolutely no force was necessary.  At no time while Baker was in the custody of the Defendants did he present a risk of harm to himself or any others, including his cell mate and/or Defendants West and Nielson.

47. Defendants acted in violation of both the Constitutions of the United States, Fourth Amendment, and the State of Iowa, Article 1, Section 8. Defendants West and Nielson each touched, shoved, grabbed, hit, maced, choked, degraded and/or struck Baker in an unreasonable and unnecessary manner, causing him physical and emotional injury.

48. Defendants established a policy, regulation, official decision, custom, or usage of with reckless or in deliberate indifference to the rights of persons in the position of Baker.

49. Defendants have established, maintained, and enforced policies, regulations, official decisions, customs, or usages which unconstitutionally deprive its citizens of the right to be free from the use of excessive while being detained by the State as guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section 8, of the Iowa Constitution.

50. Buchanan County and its policymakers had actual or constructive knowledge of the use of excessive force by its employees on certain pre-arraignment detainees.

51. Baker was subjected to this official policy, regulation, official decision, custom, or usage when he was assaulted by Defendants West and Nielson.

52. Defendants' policy, regulation, official decision, custom, or usage as against Plaintiff Baker was purposeful and intentional.

53. During all times mentioned herein, the unconstitutional deprivation of Baker's right to be free from the use of excessive force at the Buchanan County Jail by Buchanan County jailers was executed under color of state law.

54. Defendants deprived Plaintiff of the rights guaranteed his under the Fourth Amendment to the United States Constitution, and Section I, Article 8, of the Iowa Constitution, in violation of 42 U.S.C. § 1983.

7

Case 6:19-cv-02036-LTS-KEM   Document 1   Filed 06/12/19   Page 7 of 11

55. Plaintiff has been damaged as a direct and proximate result of Defendants' acts and omissions, as set out in this Complaint.

56. Defendants West and Nielson acted with malice or reckless indifference to Baker's rights, subjecting them to punitive damages.

**WHEREFORE,** Plaintiff Duane Baker prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries, for attorneys' fees, for interest and costs as allowed by law; for punitive damages against Defendants West and Nielson; and for such other and further relief as the Court deems appropriate.

## COUNT III

### SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT OF US CONSTITUTION and ARTICLE 1, SECTION NINE OF IOWA CONSTITUTION

57. Plaintiffs replead and reallege paragraphs 1 through 56 as fully set forth herein.

58. The Defendants acting under color of state law, violated the rights of Plaintiff to substantive due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section Nine, of the Iowa Constitution, and particularly with Plaintiff exercising his right to freedom of speech protected by the First Amendment and while violating Baker's right to be free from the use of excessive force.

59. The Defendants, in acting to deprive Plaintiff of his substantive due process rights as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section Nine, of the Iowa Constitution, proximately caused injuries and damages to the Plaintiff.

**WHEREFORE,** Plaintiff Duane Baker prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries, for attorneys' fees, for

interest and costs as allowed by law; for punitive damages against Defendants West and Nielson; and for such other and further relief as the Court deems appropriate.

## COUNT IV

## COMMON LAW NEGLIGENCE

60. Plaintiff incorporates paragraphs 1 through 59 above as though fully set forth herein.

61. Defendants owed a duty to Baker to maintain him in custody in a reasonable manner without causing unnecessary injuries and damages.

62. Should Defendants claim immunity or qualified immunity Plaintiff alleges that Defendants acted outside the scope of their responsibilities as a jailers in breaching the duty of care owed to Baker.

63, Baker has been damaged as a direct and proximate result of Defendants' acts and omissions in violation of the duty of care owed to him.

64. Defendants West and Nielson acted recklessly, willfully and/or wantonly subjecting them to punitive damages.

65. Defendant Buchanan County is responsible for the conduct of its agents.

**WHEREFORE,** Plaintiff Duane Baker prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries, for attorneys' fees, for interest and costs as allowed by law; for punitive damages against Defendants West and Nielson; and for such other and further relief as the Court deems appropriate.

## COUNT V

## COMMON LAW BATTERY

66. Plaintiff incorporates paragraphs 1 through 65 above as though fully set forth herein.

67. Should the Defendants claim immunity or qualified immunity Plaintiff alleges Defendants West and Nielson acted outside the scope of their responsibilities as jailers to intentionally cause bodily contact with Baker which resulted in physical pain and injury to Baker.

68. Defendants West and Nielson's conduct resulted in bodily contact a reasonable person would deem insulting or offensive.

69. Baker has been damaged as a direct and proximate result of Defendants' acts and omissions in committing a battery upon him.

70. Defendant Buchanan County is responsible for the conduct of its agents.

**WHEREFORE,** Plaintiff Duane Baker prays for judgment against all Defendants in an amount which will fully and fairly compensate him for his injuries, for attorneys' fees, for interest and costs as allowed by law; for punitive damages against Defendants West and Nielson; and for such other and further relief as the Court deems appropriate.

## JURY DEMAND

The Plaintiff, Duane Baker, respectfully requests a trial by jury on all legal claims raised by his Complaint.

Respectfully submitted,

**DAVE O'BRIEN LAW**
1500 Center Street NE
Cedar Rapids, Iowa 52402
Telephone: (319) 861-3001
Facsimile: (319) 861-3007
E-mail: dave@daveobrienlaw.com

By: /s/ David A. O'Brien
    DAVID A. O'BRIEN, AT0005870

**Original filed.**